# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TRACY LYNN HARRIS v. HENRY STEWARD, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 12CV9813   R. Lee Moore, Jr., Judge**

---

**No. W2013-00207-CCA-R3-HC  - Filed August 6, 2013**

---

The Petitioner, Tracy Lynn Harris, appeals the Circuit Court of Lake County's denial of his pro se petition for writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Tracy Lynn Harris, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the Appellee, Henry Steward, Warden.

## MEMORANDUM OPINION

In March 2000, the Petitioner pled guilty to first degree felony murder and aggravated rape. Pursuant to the plea agreement, he received a sentence of life imprisonment without the possibility of parole for the murder conviction and a concurrent sentence of twenty years on the aggravated rape conviction. In November 2000, the Petitioner filed a pro se petition for post-conviction relief. The post-conviction court summarily dismissed the petition, and the Petitioner sought no appeal from this decision.

In July 2006, the Petitioner filed a petition for writ of habeas corpus in which he

contended that the judgment on his aggravated rape conviction was illegal because it failed to provide that he was also sentenced to community supervision for life. The trial court denied the petition but remanded the case to the convicting court for entry of an amended judgment on the aggravated rape conviction reflecting a sentence of community supervision for life. This Court affirmed the trial court's order on appeal. See Tracy Lynn Harris v. Worthington, No. E2008-02363-CCA-R3-HC, 2010 Tenn. Crim. App. LEXIS 542 (Tenn. Crim. App., at Knoxville, June 29, 2010), perm. app. denied (Tenn. Nov. 17, 2010). On January 20, 2011, an amended judgment was entered on the Petitioner's aggravated rape conviction providing that "[p]ursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration."

In May 2011, the Petitioner filed a pro se petition for post-conviction relief from the amended judgment alleging that the amended judgment breached the plea agreement and violated a newly established constitutional right as announced in Ward v. State, 31 S.W.3d 461 (Tenn. 2010). The post-conviction court summarily dismissed the petition, and this Court affirmed the dismissal. See Tracy Lynn Harris v. State, No. W2011-01578-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 940 (Tenn. Crim. App., at Jackson, Dec. 21, 2011), perm. app. denied and ordered not for citation (Tenn. Apr. 12, 2012).

In December 2012, the Petitioner filed a second petition for writ of habeas corpus in which he contended that the amended judgment for the aggravated rape conviction imposing community supervision for life was illegal as the sentence was imposed eleven years after he entered his guilty plea and that the amended judgment failed to include the appropriate number of pretrial credits. On January 3, 2013, the trial court entered an order denying and dismissing the petition. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

a voidable judgment is *facially valid and requires the introduction of proof*

*beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner failed to comply with the mandatory statutory requirements for filing a petition for writ of habeas corpus. Although the Petitioner attached a copy of the amended judgment, his petition is not verified by affidavit, and he did not provide copies of his previous application for writ of habeas corpus. See T.C.A. § 29-21-107. While the record includes a statement by the Petitioner, it is not a verified affidavit. The statutory requirements for the contents of a petition for a writ of habeas corpus are mandatory and failure to meet those requirements warrants dismissal of the petition. See Hickman, 153 S.W.3d at 21. The trial court properly denied the petition based upon the Petitioner's failure to comply with the mandatory statutory requirements.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE